Case No. 21-6253, Dan Hale v. State of Tennessee et al. Arguments not to exceed 15 minutes per side. Mr. Berger, you may proceed for the appellant. Good morning. May it please the Court, I'm Ken Berger from Murfreesboro, just outside This appeal involves a variation on the well-established rule that the filing of a State Claims Commission complaint for monetary damages waives all rights by that claimant to later pursue a federal court litigation on events or circumstances arising out of the same event. My client in this matter is the trustee for the plan participants of an ERISA governed defined benefit plan. I do not represent Don Hale individually in this matter or his brother who were the primary participants in the HRC corporation that ran afoul of the State of Tennessee seminars and resulted in a large judgment against them individually. Of course, the HRC defined benefit plan as a discrete legal entity, was not in any way involved in that state court litigation. Why should we even get to the question of state law about whether the trustee is a claimant since, as I read the district court opinion, it relied on alternative rationales, both a lack of jurisdiction and just the residual discretion that a district court has in every case to deny or decline jurisdiction or to deny declaratory relief. And it didn't seem to me that your opening brief flagged the alternative rationale. So I wonder if you could speak a little bit about why we shouldn't find any contrary arguments what they are. Well, we don't believe respectfully that we waived that, if I may explain why. The court spent most of its memorandum, as we perceive that analysis, in saying this was a legal, not an equitable, this was a legal monetary claim for damages with our reply being this money was not a request for damages from the state. It was a request for a declaration that the money belonged to the plan participants. At the very end of the court's memorandum opinion, the court said, I conclude that this was a, arose from the same events, from the standpoint of the subject matter jurisdiction, arose from the same events. I conclude that as a result of that determination, these plaintiffs, and that's been used generically, these plaintiffs were essentially the same, and that they were asking for monetary damages for the state, which made it a legal claim rather than an equitable claim. I did indeed, at the bottom of my brief, my initial brief, page 27, the court parenthetically, as I read that, said I'm finding that you don't have any basis to get this relief that you're asking for because you waived it. But even if I didn't find that, it would be my determination that I would decline to exercise the court's equitable power. First thing I need to say about this, I'm not really sure exactly what he was referring to. If I may clarify why I say that. One of the well-known exceptions to the application of this concept that we're talking about, of the waiver, is if you're asking for equitable relief. And the court may discretionarily waive that finding and allow a claim to go forward if the relief is limited to equitable relief rather than monetary relief. So the court says, I don't need to discuss that because I'm ruling that this was a claim for monetary damages, for monetary relief. I did indeed, at the bottom of my brief, page 27, as I discussed in my reply brief, I note the court's monetary damages idea seems to preempt that discussion. Our view of this entire matter is that this all comes down to these repeated generic references in the state court filings, I'm sorry, the over in my complaint did I say we want the equitable exception to be discretionarily applied. Does this legal versus equitable debate matter for this point? Because I think the point arises from the declaratory judgment statute. Because the declaratory judgment statute has the verb may in it and it says the may grant relief. Why does it matter if it's legal versus equitable? I think we generally interpret the word may to have residual discretion. Over time we've developed these factors to determine when the court should exercise that discretion. That's because the court says I'm predicating my denial of that equitable relief, my exercise of my discretion, on my finding that these plaintiffs were blocked by the fact that it was a monetary damages claim. He announces that as the predicate for that announcement as I read his statement. It was a very almost cursory parenthetical comment by him that I in return address in a almost cursory parenthetical way. Maybe I'm wrong on the legal point but I sure didn't waive the issue. At the bottom of page 27, a footnote, the court seems to acknowledge that the FRCP rule 57 declaring equitable relief is exempt from the TCC waiver concept. Equitable relief in federal court is not waived by filing with the Claims Commission. But the court's monetary damages idea seems to preempt that discussion. That's my short answer response to your inquiry, Your Honor. Just jumping ahead to the merits then, why should we find it an abuse of discretion? I thought there did seem to be some sense to the court's analysis that he didn't want to unduly intrude on state proceedings or even here now on the bankruptcy proceedings. I'm not really clear where they are now but that didn't seem like an abuse of discretion to me. Well, we respectfully insist that it would be if that issue were reached and if it was before the court. Frankly, it was not clear to me exactly what he was saying. But I know this, beginning at the outset of the state's position in these federal court proceedings, they have generically used the term the plaintiffs. The court adopted that. The court has treated this separate legal entity as described in the Hale case and in the statute, these planned participants and my client, the trustee for these planned participants who's got the fiduciary obligation to protect that fund. They have treated them interchangeably. It's so far out in left field that we respectfully insist from a due process standpoint, how does Party A waive the rights of Party B without that being an abuse of discretion? I have just a kind of a big picture question that arises really out of my, the fact that I don't understand why the nature of this $600 and something thousand dollars was not addressed either in the state court proceeding or before the claims commission. The claims commission would not have jurisdiction, subject matter jurisdiction, to ever entertain an ERISA action and so... Well, but I can't tell that anybody ever discussed the nature of the entity or the funds we're talking about here. That may be partly correct. Why not? That would have made a difference at some point in how these funds were handled perhaps. These things were almost simultaneously filed. The claims commission was a little bit before. I don't have the exact dates and then we filed this asking the federal court declaration that this money belonged to the planned participants, 16 or 17 planned participants, not Don and Dan Hale. It belonged to the planned participants and that the trustee should be declared to have standing to protect that in the federal court ERISA litigation. It was, there was nothing in the state court proceedings that we could identify either in the claims commission or the underlying state court action where they would have had jurisdiction to say, to define the nature of this fund. I think that's exclusive. It's not the fund which is treated as an asset of the company. It's not. Any other asset of the company. Is that not right? Absolutely not right, Your Honor. Absolutely not. I'm not saying it is any other asset. I'm saying it was treated as any asset prior to this case. There were multiple bank accounts seized. There were multiple assets seized by the receiver for, on behalf of the state. He gathered this ERISA fund in with these other things as he received them. So it was treated just like everything else? He took possession of it. As Mr. Baumgarn has said in the brief that I quoted, who has said that possession is not relevant in an attempt to undo what the Department of Labor and the IRS has pronounced to be a discreet legal fund for the protection of these planned participants. I think my time's up. Can I ask a question? Yes, ma'am. It goes to the original question that Judge Murphy claimed because, to be candid, I was kind of befuddled by your reply brief's response to the argument that you didn't respond to the alternative basis for ruling that was given by the district court. And I'm looking at the district court's ruling. It says, this is on page 2930, in the alternative to finding that the claim has been waived, which is the major issue that we've been talking about, the underlying issue, the issue that most of the briefing is addressed to, I guess. In the alternative to that, the court would exercise its discretion to declare relief, and then goes on to explain why in several paragraphs, which balances the relevant factors dealing with the Declaratory Judgment Act. Is it true that the only issue before us at this time is a declaratory judgment? It is, Your Honor. So if, in its discretion, no matter how the previous part of his ruling holds up in the appellate court, he says, he or she, the district court, Judge Richardson says, that there's an alternative reason to come to the same conclusion and deny relief, declaratory relief, and the only relief is declaratory judgment, which is declaratory relief. He says, I have this alternative reason, and your response primarily is this footnote in your first brief, which says, which talks about parts of his decision that go before this. He's talking about equitable relief, page 2927, monetary damages, page 2928. That's clearly discussion that goes to the issue of what he's calling jurisdiction, I see, because of the waiver by bringing the TCC claim, right? But on the issue of whether you ever responded or you ever explained why the alternative grounds for ruling was wrong, I'm just having trouble finding where that was done. Your Honor, maybe my response was too concise and assumed more than I should have assumed.  I understand. He exercised his discretion in the context of his repeated references to the idea that Party A can waive the rights of Party B, which we think... Then he's talking about the waiver that he's, he says, in the alternative, he's assuming that you're right about all that he says before. So saying, yeah, we were really right about what he says before doesn't address what he's then going on in the alternative to argue. Are you with me? Yes, Your Honor. But he's, in that second phase of... So you're saying there's some sort of discussion of waiver when we're talking about a TCC waiver goes to your waiver and not raising it on the appeal? Is that your argument? That doesn't make any sense. No. What I'm... Defending a waiver that you're making in the very brief that you bring. What I attempted to say in that footnote at the bottom of page 27 of my brief is that it's our, my understanding of what he was saying was that because of his reasoning that the, he was giving the explanation, because of his reasoning that Party A could waive the rights of Party B, he was going to decline exercising that jurisdiction. I say at the bottom of that... He doesn't make that argument at all. In fact, at the point in his opinion where he goes from the TCC waiver argument, he's saying, I assume you win on that. Even so, I have discretion under this statute to decline declaratory relief and you've just agreed that the only thing before us is that declaratory judgment relief under the Declaratory Judgment Act. Yes. He's got this alternative argument based on the Declaratory Judgment Act and you say you challenged that in a part of your opinion that deals with what he's temporarily assuming you're correct on. Are you with me? I am. Tell me how not to read it that way, because it just reads that way, the way I read it. I attempted to address that, Your Honor, in my statement that the Court's monetary damages idea, the Court's view and pronouncement of the monetary damages reasoning was a predicate to what he was saying was the reasoning for his declining the equitable relief and that those issues were preempted. It's not just a predicate if he's assuming that you're right on it when he makes his decision. He says, I assume you're right on all that. There's another reason I'm going to deny relief and you say, well, now we're looking at the argument that you made in the part that for the moment he's agreeing you're right on. That's what I'm puzzling. I don't know that I read. I'm not trying to criticize you. I'm just trying to figure out. I don't know that I read his comments to go as far as saying that he completely agreed with me. I guess maybe I'm misreading that. No, you don't. My understanding of what he was saying. The alternative it would, you know, to finding that it had been waived, which is to say assuming that it hasn't been waived, that's how I read it in ordinary lawyer's language, in the alternative to this argument, there's the other argument, well, anyway, I see you're right. I don't want to belabor it. I just expressed it. You know, I don't think we waived it, Your Honor. We may have discussed it in a more cursory manner than we should have. I said what I said about the issue having been merged, as I saw it, on the idea that the court had predicated its decision and was announcing, in effect, the reasoning for its decision to decline equitable relief because of the determination that these parties were somehow bound to each other, that they were affiliates as opposed to entirely separate legal entities. Thank you. Thank you. Kelly Groover. May it please the Court. My name is Kelly Groover. I'm with the Tennessee Attorney General's Office and I'm here today on behalf of the We are here on appellant's request that this court reverse the district court's decision to dismiss a claim against the state under ERISA. We request that that dismissal be affirmed. Just to give some brief context of how it is we came to be here, Don Hale and Dan Hale owned a company called HRC Medical Centers. The state of Tennessee brought an action against HRC alleging that in advertising its bioidentical hormone replacement therapy, or BHRT, it misled consumers as to the true risks associated with that treatment. So it was a false advertising case. The state was ultimately successful in that case and received a judgment of over $18 million which is designated specifically for consumer restitution. Part of the reasoning of the state court in appointing a receiver and seizing those assets was to help preserve them in the event the state did receive restitution, which it did. Where are the assets now? This particular account that's at issue is still in the control of the receiver. I guess you didn't really argue that the state of Tennessee is the wrong party, or at least not on appeal? Not on appeal. It was raised below in our motion to dismiss. It was something that we raised with the district court and that is still our position, that the state of Tennessee is not the correct party. We don't have possession or control of the funds and when you look at the plaintiff's request for relief in their complaint, they ask that the court issue an order directing the receiver to turn over those funds and the receiver is no longer a party to this action. We've raised two different issues in our brief and they're two different waiver issues. The panel has been... Just the response. So as I understand, your friend on the other side, he suggested that, so it's discretionary of course, the second hand, the DEC action, but we have well established law that a legal error is an automatic abuse of discretion and I guess my question is, he seems to be suggesting that there was a legal error embedded in the exercise of the district court's discretion because the district court relied on this waiver idea and I'm curious to hear your response to that. Like it was the waiver idea that the first issue was kind of embedded in why the district court decided to exercise its discretion to deny declaratory judgment relief. Well, I don't agree with Appellant's position there because as Judge Rogers pointed out, the court said even assuming that Appellant is correct on this issue of waiver, I would not exercise my discretion to grant declaratory relief and the court went through the factors enumerated in the Grand Trunk case and really focused specifically on that fourth factor, the potential for creating friction between the state and federal courts. So the court went through those factors and used its discretion to state that it would decline to issue declaratory relief even if the claim had not been waived. And to fill in some of the information Judge Gibbons was asking about regarding the state court action and whether this issue was raised at all in the state court, the Claims Commission case, under the Claims Commission Act, claims commissioners have the discretion to transfer an action to the state circuit court and because there was the pending action of the state against HRC and its principals, that is what the claims commissioner did. He transferred that claims commission action to the circuit court so it could be consolidated with the state's action against HRC. Once that was done, HRC and its principals essentially did not pursue that claim further. And the position that they take in their brief is that the disposition of the state court case mooted out their claims commission claim. So because essentially the state court ratified that receivership, I suppose, by granting a judgment in favor of the state, their position was that that cause became moot. So they essentially just did not pursue it further in state court. They at any time could have done so. They did not. It is puzzling to me why at some point along the way the appellant here would not have said, okay, this particular account cannot be treated as you are treating the other assets of the company. It is an ERISA plan. The state court might not have been able to adjudicate anything with respect to the plan, but certainly it could have identified the entity for what it was and segregated it from the remainder of the funds it seized. Yes. The only individual who ever raised the issue with the state circuit court was the receiver. The receiver did raise the issue before the court and the court declined to rule one way or the other of the status of that account, finding that there just simply was not enough proof before the court. So the only individual who ever raised that in the circuit court was the receiver, not Don Hale or Dan Hale or HRC Medical. Can I ask, what is the evidence? Are there any folks who were relying on those funds like as a retirement if it is a normal ERISA plan other than the Hales? There are some individuals other than the Hales, although some of them are immediate family members of the Hales, and then there are some other individuals who are not members of the Hale family. So did the receiver have the power to take funds that are kind of, if they were funds of other individuals, was there some type of finding that those other individuals engaged in part of the fraud to allow for their funds to be taken too? There was not a finding to that effect. The receiver took those funds in compliance with the court order because, as is pointed out, I think in some of our briefing attached to the plaintiff's complaint in this case, they've supplied some of the documents related to that account. It does not list Don Hale as a trustee. It lists him as CEO, and it doesn't designate that account as a trust account. So I think just on the face of that account, it wasn't apparent the status, the alleged status of that. Of course, we've never at any point had any fact-finding about what the account actually is. That's correct, and we're here on a motion to dismiss, but the state's position would be, if we reach the merits, that it is not an ERISA account. So, in addition to the potential waiver issue by the appellant by not addressing that alternative ground of the court, there's also this waiver issue related to the Tennessee Claims Commission Act. And as this court is aware, that is a statute passed by the legislature of the state of Tennessee, and it serves as essentially a waiver of the state's sovereign immunity in certain instances. So claimants who believe they have a claim for damages against the state can file under that act. But the tradeoff for that is, if you make the decision to file in the Claims Commission, you cannot then go and file some secondary action against the state or its officers arising from the same act or omission of the state. Now the appellant in this case, they don't dispute that the Claims Commission case and this federal ERISA case arise from the same act, which was the state court's decision to appoint this receiver and then the receiver seizing assets of the company and the hails. So that's not in dispute between the two parties. What this court and other courts have consistently found is that that waiver provision is quite broad. And it's effective at the time of filing the claim in the Claims Commission. Disposition of the case doesn't matter. Whether the Claims Commission had subject matter jurisdiction over it doesn't matter. What matters is that the individual took the step of filing that claim. Now the appellants in this case take the position that in order for that waiver provision to be effective, that there must also be complete identity of the parties between the Claims Commission case and the federal case. And they make this distinction of Don Hale serving in his individual capacity versus in his capacity as trustee and they say those are two different parties. We disagree. I can see why they make that argument, but we do disagree with that argument for a couple of reasons. One is that appellants have not pointed to any authority that say there must be complete identity of parties for the waiver to be effective. What about just the text of the statute? The text of the statute just says it applies to Don Hale, so we have to determine who the claimant is. The Hales were a claimant in the one case and now basically the plan is the claimant in the other. Why wouldn't we just interpret the statute to say these are two different claimants so this falls outside the bar? Well the plaintiff in the federal case, the last remaining one anyhow, is Don Hale as trustee for the plan. Yeah, trustee distinct hat on. Right. So Don Hale was the only individual who, whether acting as an individual or acting as the trustee, he was the one who could make the decision to file litigation. And the decision that he made was to first file in the Claims Commission Act. This is not an instance where you have two separate parties who are distinct enough that one can't make a decision for the other. Do you agree that the logic would apply if it was just a different person? If it was a completely different person who... Someone else was the trustee but it was the same plan? That could be a different outcome, yes. But because Don Hale is both... Which is putting a lot of weight on the fact that this one human being has two statuses, is that the plural of status? Two capacities. Yes, so but... Doesn't the law recognize that all the time? It can, but in this instance, we've pointed to in our briefing instances where an ERISA plan is considered connected to a corporation or its officers for purposes of release of claims. And our position is that that would also apply to waiver of claims. And this case factually is very similar to those cases in that the plan at issue was HRC Medical was the sponsor of that plan as well as the administrator of that plan. And Don and Dan Hale were the sole owners of HRC. And so in other words, they had complete control both over the corporation and this plan. So they were able to make any decisions regarding this plan. They could alter it in any way. They could in fact terminate it if they wished to. And so because it is so interconnected, Don Hale, he can't really separate his own plans and his capacities that way. What do you think is the law that we should use to decide whether something is so interconnected? Do you think we should somehow put a claim preclusion gloss on the statute and look to claim preclusion principles? I don't think we can just say, well, this seems close enough that therefore it applies. I think we have to find some source of law for our authority to do that. I think claim preclusion is a potential area of the law the court could look to. And we do raise that in our brief. And what that area of the law says is there does not have to be a complete identity of the parties, but an interest, a common interest. And Don Hale's interest in the two actions is essentially the same. What he's trying to get at are these funds. What kind of factual record do we have here about the nature of this entity and whether it would be an appropriate benefit plan or whether it's sort of suggesting an alter ego kind of a theory? We don't have a record here to make that determination. There's not a factual record, however, attached to the plaintiff's complaint. There is some documentation related to this plan, I think, including the plan itself. So those are essentially a part of the plaintiff's allegations in this case. So it is there to be reviewed. So we have the terms of the plan itself, no evidentiary record about the actual operation or administration of the plan? I think that's correct, yes, Your Honor. The relevant facts you're suggesting are the facts that Mr. Hale is the same human being occupying two capacities instead of different. We have that in the record. Right, that's right. Since it is at the pleading stage, doesn't that mean we have to accept the facts in the case of Mr. Hale, which would suggest we shouldn't necessarily treat them as the same as long as he's adequately pled that? I think the district court did address that somewhat, at least in terms of the status of the ERISA count. That's essentially a legal allegation of what his status was, what the status of this count is. So factual allegations in the complaint are going to be treated as true, but that's essentially an allegation of law, what the particular status of this account was. I see that I'm running out of time. I'm happy to answer any additional questions. If there are none, we simply ask that the dismissal be affirmed. Thank you. Your Honor, because we are here in a Rule 12 status, it's a bit awkward to communicate some of what needs to be said about this. In answer to Judge, to clarify my response earlier to Judge Gibbons, of course this ERISA plan was mentioned in state court. The problem, it was mentioned multiple times in state court, both informally and formally. The state from the outset has challenged the viability, the legal viability of the plan. My thinking at the time was there's one place and one place only where that legal viability can be decided and that's federal court. So literally at about the same time the claims commission thing was filed, we filed this suit right here that said please tell us that this plan is viable and that this money that belongs to the plan participants belongs to the plan participants. We never asked the state to pay us a monetary judgment. We asked that the trustee be able to protect the monies that had been invested for retirement under this defined benefit plan. Another problematic part of what I'm attempting to communicate about this, Judge Richardson did as you said, Judge Rogers, he gave an elaborate discussion about what his reasoning and his thinking was. Right before he, and this is for the record, this is document 16, page 5, I quoted at the time in my attempt to address this footnote that I had addressed in the original brief to clarify on it. Where are you reading now? I'm reading, this is actually, this is document 16 at page 5. What is the document? It is the appellant's reply to Appley's responsive brief. Well this is what you argued below. No, Your Honor, this is in the, this is in the, this is case 21-6253. Yeah, I don't have the computer before me, so I can't just. It has the Court of Appeals caption. You're looking at argumentative documents in the district court right now, or are you looking at the district court's judgments right now? I'm quoting from the district court's judgment, but this is quoted in my response to their brief in this court. Oh, but you're not quoting to the language in, oh, I see. You're quoting something which quotes the judgment. Yes, sir. Yes, sir. I just have the judgment. The key point, I will say then, is that he uses the word therefore, is he right? As a predicate. This is all part of one extended thought. Therefore, and that's, I read that to say therefore because I have made these determinations that party A can be bound by the conduct of individual party B. When I think about that, therefore, the court finds that it's waived, right, despite being. Then the next sentence says, in the alternative. That looks like an alternative holding to me. It's the very next sentence. I just don't read it that way, but I understand. Well, okay, but that's the difficulty. I don't think I waived it. Maybe I'm wrong, but I don't think we waived it. You know, the issue about the money, again, none of this is before the court. That's one reason I suppose there's been no discovery on this. It went straight to the Rule 12 motions. But this, I went to great lengths in including Mr. Baumgarn's. We had taken, Keith Baumgarn was the man who set this up with the Department of Labor and the Internal Revenue Service, and his testimony was, this money has been passed around through the receiver, through Don Hale. It had been moved inappropriately, but the fact that it's been moved inappropriately to a different location doesn't change the ownership, and the ownership remains with the planned participants. Why did you dismiss the receiver? I would have thought the receiver is the one who has the funds, and now you're suing the state. I mean, this is an alternative holding. Suggest your suit is doomed, even on remand? Again, at Rule 12, it's difficult for me to get into all of that, but I can tell you that fundamentally the reason we did that is because he was the agent for the state of Tennessee, and the wording in the original was a very elaborate order that created his role, his duty, what he was to do for the state. Did you just say the receiver is the agent for the state? Yes, ma'am. It was under the court order, for the order. What is the nature of a receiver if the court appoints a receiver to be independent of either of the parties? Well, not in this case. It was not done that way. He was not brought in as an independent receiver. It was very adversarial. It was presented as he was almost an investigator. The court authorized, and I'm getting way out of the... Well, I mean, that doesn't mean he's an agent of the state. I mean, yes, I mean, a receiver investigates assets, a receiver goes out and does various things, but it doesn't mean he's doing it on behalf of the state. Well, our view of it was and remains that he was acting on behalf of the state, and I think factually that would be supported if we were able to get that far at the trial under the circumstances of this case. That's not the ordinary nature of a receiver, is it? Normally, the receiver is obligated to collate the assets and bring them in as with an interpleader, yes, but that was not Mr. McLemore's role in this matter by a long shot, and that's not what he did by a long shot on the facts that unfolded in state court. Thank you. All right, we appreciate the argument both of you have given, and we'll consider the matter carefully.